July 2, 2013


Anthony Turner, Chairperson
APWU Election Committee
1300 L Street NW
Washington, D.C. 20005


Dear Brother Turner and the Election Committee,

Please inform me of the processes that I need to follow to send communications regarding my candidacy (and those candidacies of the APWU Members First Team) to APWU members through whatever email lists are in the possession of the American Postal Workers Union, AFL-CIO. Because I expect to send segmented mailings to portions of the membership, I need to know what segmentation is possible given the way in which the email address information is maintained.

I look forward to your prompt response.

Sincerely,


Mark Dimondstein, Candidate for President
2518 Burgundy Drive
Greensboro, N.C. 27407

cc: Cliff Guffey, APWU President, Elizabeth Powell, APWU Secretary-Treasurer


# EXHIBIT A

Mark Dimondstein<br>
2518 Burgundy Drive<br>
Greensboro, N.C. 27407

BY FAX: (202) 842-8530

National Election Appeals Committee
c/o Elizabeth Powell
APWU National Secretary-Treasurer
1300 L Street, NW
Washington, D.C. 20005

Dear National Election Appeals Committee:

By the enclosed letter dated July 2, 2013, I asked the Election Committee to tell me how I could arrange to have my campaign literature delivered to the APWU membership by using email. The APWU itself collects email addresses on membership forms and by other means, and regularly distributes updates to the membership using their email addresses. Candidates, too, should be able to use this means to communicate about the election with the entire membership, and with segments of the membership to the extent that the union is able to classify the email addresses in its files by geographic location, by craft, work status and otherwise. In my request to the Election Committee, I asked for information about what segmentation was possible.

Unfortunately, I have not yet had the courtesy of a response to my request, and I am constrained to treat the failure to respond as a denial. Although section 401(c) of the LMRDA does not require exhaustion of internal union remedies before suit may be brought, I prefer to give the union a chance to comply with the law without litigation. Consequently, I hereby appeal from the denial of my request and the refusal to provide the information that I requested. Because the date for the mailing of election ballots is rapidly approaching, and because our APWU

**EXHIBIT B**

Case 1:13-cv-01228-CKK   Document 1-1   Filed 08/09/13   Page 3 of 3

Members First slate wants to send our first campaign email by the end of next week, I am asking for a prompt ruling on this appeal.

I believe this request is entirely reasonable. IOMMP v. Brown, 498 U.S. 466 (1991). Consistent with the Election Rule VI(B), I believe that the use of an outside emailing house is preferable for this purpose. However, considering that Kelly Press has still not created the needed online pricing tool even for the mailing of hard copies (I attach a copy of the error page to which an Internet user is referred when he clicks on the web address shown for "additional information" in the Election Rules), a company that is able to handle e-mailings immediately will need to be hired. See Mims v. Teamsters Local 728, 821 F.2d 1568 (11th Cir. 1987). I am, of course, willing to pay any marginal costs that this mailing may impose, including the reasonable cost of the labor of the staff needed to transmit the email, and any marginal cost for use of the necessary Internet connection.

To expedite my receipt of your response to this letter, I ask that you email the response to me at meldim@bellsouth.net , and also send your response to my counsel, Paul Alan Levy at Public Citizen Litigation Group, at 1600 20th Street, NW, Washington, DC 20009, plevy@citizen.org.

Sincerely,

*[signature]*

Mark Dimondstein

cc: Cliff Guffey, APWU President