UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK DIMONDSTEIN, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 13-1228 |
| ) | |
| AMERICAN POSTAL WORKERS UNION, ) | |
| ) | |
| Defendant. ) | |

### AFFIDAVIT OF PAUL ALAN LEVY ABOUT
### COMPLIANCE WITH THE PRELIMINARY INJUNCTION

1. My name is Paul Alan Levy. I am lead counsel for plaintiffs in this action.

2. As soon as I saw the Court's ruling in this case, I contacted Darryl Anderson by email to ask when plaintiffs could begin sending their emails. I knew from a prior conversation that Mr. Anderson was going on vacation for the week containing Labor Day, so I also asked him to tell me whom in his office would be my contact while he was away. He told me that he would eventually let me know whom to talk to in his office, but otherwise made no response to my questions. A copy of my email to him, confirming our conversation and asking when the emails could be sent, is attached as Exhibit 1 (I am using exhibit numbers rather than letters for ease in referring to the affidavits submitted in support of the motion for a preliminary injunction).

3. On Tuesday morning, September 3, having had no response, I contacted Mr. Anderson again by email to find out the name of the lawyer in his office with whom I should communicate. He responded by email, telling me that I should talk to Melinda Holmes, and adding certain conditions that he said the union would impose, but not saying when emailing could begin. I responded with objections to the conditions. A copy of that exchange is attached as Exhibit 2. I also called Ms. Holmes to try to discuss the issues and sent her a copy of the email in Exhibit 2.

4. That afternoon, I learned that, although plaintiff Dimondstein was campaigning in New England and hence did not have email access, another member of plaintiffs' slate received an email from the APWU election committee. A copy of that email and its attachment, as I received it, is attached as Exhibit 3.

5. In the meantime, also after the close of business, Ms. Holmes responded to my voicemail and email from earlier in the day. A copy of her response is attached as Exhibit 4.

6. Late that night, I wrote an email to Ms. Holmes, outlining legal objections to the new rules; she responded by email on Wednesday. A copy of this email exchange is attached as Exhibit 5.

7. Also on Wednesday, I received a copy of an email from Paul Kumar, an expert working with plaintiffs, recounting his conversation with Stacie Rudy of Kelly Press. Because Mr. Kumar has informed me that he observes the High Holidays, I have not been able to obtain an affidavit from him in time for filing today; however, I attach his email as Exhibit 6. I have redacted from the email some details of plaintiffs' strategic planning, Mr. Kumar's email address and telephone number, and the identity of another email campaign expert whose employer's involvement in this effort was on the condition that it not be identified.

8. I contacted Ms. Holmes to let her know that, absent the union's elimination of the subject line requirement, we would be seeking relief from the Court today. My notification of that intent is also part of Exhibit 5. Regrettably, the parties have not been able to resolve their differences.

> Pursuant to 28 U.S.C. § 1746, I hereby certify under penalty of perjury that the foregoing is true and correct. Executed on September 5, 2013.
>
> *[signature]*
>
> Paul Alan Levy

From:    Paul Alan Levy
Sent:    Friday, August 30, 2013 5:45 PM
To:      'Darryl Anderson'
Cc:      Jehan Patterson
Subject:     RE: Compliance plans

We would also like the number of email addresses for PSE's which, I understand, is another category that can be broken down in the membership database.

Paul Alan Levy
Public Citizen Litigation Group
1600 - 20th Street, NW
Washington, D.C. 20009
(202) 588-1000
http://www.citizen.org/Page.aspx?pid=396


-----Original Message-----
From: Paul Alan Levy
Sent: Friday, August 30, 2013 3:37 PM
To: 'Darryl Anderson'
Cc: Jehan Patterson
Subject: Compliance plans

It was good to chat this afternoon. I understand that the APWU is preparing to move forward with compliance with the order, and that you will be identifying for me the person with whom I can coordinate about compliance while you are away on vacation, although you anticipated that you also would be in touch about this while you are away. I told you that because my clients anticipate sending more than one email, they expect that the union will have a system ready to go by early next week. I also asked for the number of email addresses in each of the various membership segments identified in the Cronk affidavit

Paul Alan Levy
Public Citizen Litigation Group
1600 - 20th Street, NW
Washington, D.C. 20009
(202) 588-1000
http://www.citizen.org/Page.aspx?pid=396

# EXHIBIT 1

-----Original Message-----
From: Darryl Anderson [mailto:danderson@odsalaw.com]
Sent: Thursday, August 29, 2013 10:24 PM
To: Paul Alan Levy
Subject: RE: Sorry that this happens just as you are leaving on vacation

Actually, I was in the office working on my long-delayed complaint on network consolidation, not preparing for vacation. We can talk tomorrow about next steps.

-----Original Message-----
From: Paul Alan Levy [mailto:plevy@citizen.org]
Sent: Thursday, August 29, 2013 9:47 PM
To: Darryl Anderson
Subject: Sorry that this happens just as you are leaving on vacation


But with whom should I be dealing abut the implementation of the preliminary injunction?

When you get back from vacation we should talk about what is left to the litigation

Paul Alan Levy
Public Citizen Litigation Group
1600 20th Street, NW
Washington. D.C. 20009
http://www.citizen.org/Page.aspx?pid=396

From: Paul Alan Levy
Sent: Tuesday, September 03, 2013 1:06 PM
To: 'Darryl Anderson'
Subject: RE: Timing of union's compliance with the preliminary injunction

Darryl, with respect, this is just one more example of your efforts to delay the sending of campaign email. You could have sent emails to your entire list of 27000 while we were litigating the issue of the preliminary injunction. We now have nine days before the ballots go out in the mail. There should, in our view, be no more delays.

Moreover, when you first populated the legislative update list from your membership database, according to the Reid affidavit, you did not first write to your members to invite them to unsubscribe – rather, you put an unsubscribe option in the emails themselves (I take it from the Beard Affidavit that you followed the same approach in your retiree e-mailings). It seems to me that we ought to discuss how a standardized unsubscribe button would work in campaign emails.

My clients want to be able to send their first campaign email out tomorrow – eight days before the ballots go out, and six days after the preliminary injunction was issued. They want their first email to be sent to the entire 27000. Please let me know what time they will be able to do so, and to what vendor their transmission ready email should be sent. If you are not prepared to meet this deadline, and to give prompt assurance that the system for emailing will be ready by then, I think we shall have to seek relief from the Court.


Paul Alan Levy
Public Citizen Litigation Group
1600 - 20th Street, NW
Washington, D.C. 20009
(202) 588-1000
http://www.citizen.org/Page.aspx?pid=396

From: Darryl Anderson [mailto:danderson@odsalaw.com]
Sent: Tuesday, September 03, 2013 10:09 AM
To: Paul Alan Levy
Subject: RE: Timing of union's compliance with the preliminary injunction

Mindy Holmes will be handling this case in my absence. I intend to meet with Mindy and Liz Powell asap and one of us will get back to you.

The APWU is of the view that once the list is compiled a test e-mail should be sent to identify and eliminate bad addresses and to give people a chance to unsubscribe if they do not wish to receive e-mails concerning the national officer election.

Darryl

# EXHIBIT 2

From: Paul Alan Levy [mailto:plevy@citizen.org]
Sent: Tuesday, September 03, 2013 8:15 AM
To: Darryl Anderson
Subject: Timing of union's compliance with the preliminary injunction

Which lawyer at your office will be our contact for making arrangements for plaintiffs to send campaign iterature by email? When can we count on the union's system being in place?

From: Anna Smith <anna.smith7@yahoo.com>
Sent: Tuesday, September 03, 2013 5:59 PM
To: Paul Alan Levy
Cc: MARK DIMONDSTEIN; Tony McKinnon; Violetta Ward
Subject: Fw: Distribution of Campaign Literature via E-mail
Attachments: Addendum to Rules Governing 2013 APWU National Elections.docx

Paul -

Here you go, let me know if you don't get the attachment.

Sincerely,
Anna Smith
----- Forwarded Message -----
From: APWU Election Committee <apwuElectionCommittee@apwu.org>
To: "'anna.smith7@yahoo.com'" <anna.smith7@yahoo.com>
Sent: Tuesday, September 3, 2013 1:27 PM
Subject: Distribution of Campaign Literature via E-mail

Please be advised that a court ruling has ordered the American Postal Workers Union, AFL-CIO to make available e-mail addresses of all members that are on file with the APWU for the 2013 Election of National Officers. Information regarding sending campaign literature by e-mail is listed below and in the attached Addendum to the Rules and Regulations Governing 2013 APWU National Elections.

Members will have the choice to opt-out and not receive any further communication from any candidate(s) regarding the election. If a member chooses to unsubscribe, no further e-mails will be sent to that e-mail address, regardless of the sender.

All e-mail campaign literature will be handled by Kelly Press. If you wish to send campaign literature via email, you must contact Stacie Rudy at (301) 386-8286, Monday through Friday, 9:00 am to 5:00 pm EST. Kelly Press is requiring a 24 hour advance notice for set-up, preparing, and formatting e-mail campaign literature.

Kelly Press charges a one-time set-up fee of $440.00 for preparing and formatting e-mail campaign literature and $0.02 per e-mail address per transmittance. An additional set-up fee will be charged for any changes to the original e-mail submission and/or to a different set of e-mail recipients. Please contact Kelly Press for additional pricing information.

The requirements for sending e-mail campaign literature are as follows:
1. All e-mails must contain a physical address for the sender.
2. The sender must provide a sending e-mail address and "from" name.
3. The subject line for all e-mail campaign literature will be "2013 APWU National Officer Elections."
4. The body of the e-mail may contain images and text formatting. Additional charges may apply.

# EXHIBIT 3

5.   Kelly Press will review e-mails for spam compliance, but will not guarantee delivery. Please note that many factors can interrupt e-mail delivery, including spam filters and Kelly Press will not be held responsible for factors such as these that are outside of their control.

6.   At no time will the e-mail addresses be released to any candidate.

Any questions should be addressed to the APWU Election Committee at www.apwuelectioncommittee@apwu.org

## VI. DISTRIBUTION OF CAMPAIGN LITERATURE

### B. ELECTION COMMITTEE RULE:

1. All e-mail campaign literature will be handled by Kelly Press. Any candidate(s), at his/her own expense, wishing to send e-mail campaign literature must contact Stacie Rudy at Kelly Press, Monday through Friday, 9:00am to 5:00pm EST, at (301) 386-8286.
2. The subject line for all e-mail campaign literature will be "2013 APWU National Officer Elections."
3. All e-mails must contain a sender e-mail address, a "from" name, and a physical address.

### C. ELECTION COMMITTEE RULE

1. Kelly Press will determine the cost of e-mail campaign literature. Payments must be in the form of United States Postal Service Money Order or certified check prior to e-mail transmittance. Kelly Press is requiring a 24 hour advance notice for set-up, preparing, and formatting e-mail campaign literature.

From:   Mindy Holmes <mholmes@odsalaw.com>
Sent:   Tuesday, September 03, 2013 5:48 PM
To:     Paul Alan Levy
Subject:    RE: Timing of union's compliance with the preliminary injunction

I'm in the office this week, you can reach me by email or the phone number below (I believe you called earlier). My understanding is that detailed instructions were sent by email and regular mail to all of the candidates, including Mark, this afternoon.

M.


Mindy Holmes
1300 L Street, N.W., Suite 1200  -  Washington, DC 20005
(202) 898-1707  -  fax (202) 682-9276
mholmes@odsalaw.com  -  www.odsalaw.com

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity at the address above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (202-898-1707) or by e-mail (info@odsalaw.com) immediately.


From: Paul Alan Levy [mailto:plevy@citizen.org]
Sent: Tuesday, September 03, 2013 3:02 PM
To: Mindy Holmes
Subject: RE: Timing of union's compliance with the preliminary injunction

Because Darryl did not cc you on the email, I replied initially only to him. When Darryl and I spoke last week, it sounded to me as if you, too, might be out this week. How can I reach you to discuss the timing of the union's compliance with the injunction?

Paul Alan Levy
Public Citizen Litigation Group
1600 - 20th Street, NW
Washington, D.C. 20009
(202) 588-1000
http://www.citizen.org/Page.aspx?pid=396


# EXHIBIT 4

From: Paul Alan Levy
Sent: Wednesday, September 04, 2013 6:04 PM
To: 'Mindy Holmes'
Cc: 'Darryl Anderson'; Jehan Patterson
Subject: RE: Compliance with preliminary injunction -- outstanding issues

After consulting with our experts, as well as co-counsel, I am writing to let you know that we are giving very serious consideration to going back to the judge over the issue of the required subject line. We are willing to let the rest of this go pending the end of the election if your clients will drop any effort to regulate the contents or subject line of campaign emails (except that we are willing to include an unsubscribe option); however, if we have to go to the judge anyway, we reserve the possibility of raising other issues to which we have already alerted you.

In addition to the legal issue I raised previously, our experts tell us that your rule raises very serious practical concerns, in that it is likely to frustrate the effectiveness of email campaigning in a variety of ways. I would like to think that your clients adopted the rule out of ignorance, but given the history of this case I suspect a more cynical basis for the rule.

The fact that you announced these rules yesterday forces into the position of litigating the issue over Rosh Hashanah, which will make it harder to us to get the papers we need, but in any event we will try to be ready to file by tomorrow.

Paul Alan Levy
Public Citizen Litigation Group
1600 - 20th Street, NW
Washington, D.C. 20009
(202) 588-1000
http://www.citizen.org/Page.aspx?pid=396

From: Paul Alan Levy
Sent: Wednesday, September 04, 2013 11:52 AM
To: 'Mindy Holmes'
Cc: Darryl Anderson; Jehan Patterson
Subject: RE: Compliance with preliminary injunction -- outstanding issues

I rather thought it was incumbent on lawyers to try to discuss issues as an alternative to litigating them. If you would prefer not to do so, that is your call.

Paul Alan Levy
Public Citizen Litigation Group
1600 - 20th Street, NW
Washington, D.C. 20009
(202) 588-1000
http://www.citizen.org/Page.aspx?pid=396

# EXHIBIT 5

From: Mindy Holmes [mailto:mholmes@odsalaw.com]
Sent: Wednesday, September 04, 2013 11:48 AM
To: Paul Alan Levy
Cc: Darryl Anderson
Subject: RE: Compliance with preliminary injunction -- outstanding issues
+

Thank you for your email Paul. As you know, the APWU National Election Committee is responsible for establishing and implementing this process which we believe complies with the Court's order and the law. If your clients have questions or requests, particularly ones that might be of general interest to all candidates, they should direct them in writing to the Committee (see the email address provided in the directions).

M.


Mindy Holmes
1300 L Street, N.W., Suite 1200  -  Washington, DC 20005
(202) 898-1707  -  fax (202) 682-9276
mholmes@odsalaw.com  -  www.odsalaw.com

This electronic message transmission contains information from this law firm which may be confidential or privileged. The information is intended to be for the use of the individual or entity at the address above. If you are not the intended recipient, be aware that any disclosure, copying, distribution or use of the contents of this information is prohibited. If you have received this electronic transmission in error, please notify us by telephone (202-898-1707) or by e-mail (info@odsalaw.com) immediately.


From: Paul Alan Levy [mailto:plevy@citizen.org]
Sent: Tuesday, September 03, 2013 11:36 PM
To: Darryl Anderson; Mindy Holmes
Subject: Compliance with preliminary injunction -- outstanding issues

I gather that your client sent the attached email to my clients. With respect, it seems to me that it would be much better if counsel ALSO communicated with counsel, but I am glad to see that the union is moving ahead in the direction of compliance.

However, your client is, in my judgment, making some substantive decisions that run afoul of section 401(c) and, indeed, section 101(a)(2). For example, the new Election Rule dictating the subject line of the email violates the rule that a union does not get to "regulate the contents of campaign literature." 29 CFF § 452.70. Wouldn't it make more sense for us to discuss these issues before your clients forge ahead imposing such restrictions?

In addition, if you contemplate having an unsubscribe function in the campaign email itself, it is

not clear to me how you have in mind to insert that into the body of the email without running afoul of the anti-dictation rule. Given Judge Kollar-Kotelly's discussion of the unsubscribe issue in her memorandum opinion, and in the interests of resolving this matter so that the emails are sent in a timely fashion and without the need for further involvement by the court, we are willing to talk about this on a VOLUNTARY basis. It seems to me that we ought to be discussing that now.

Next, the newly formulated Election Rule on emailing requires a "certified check or money order" in payment. The vendor we suggested could have been paid for by credit card. Given the limited time remaining for e-mailing before the ballots are mailed, the approach taken here is excellent for candidates based in Washington DC – that is, the incumbents – but not those in North Carolina or further away. In the alternative to credit card payment, we request that you instruct Kelly Press to tell candidates how payment can be wired to Kelly Press.

Finally, we do not accept that the expenses being charged for this transmission are at all justified; in fact, we believe that they are bring deliberately inflated to discourage use of email for campaigning. We identified a vendor that you could use that would have cost $150 in toto for every email sent out. We will, however raise those issues with Judge Kollar-Kotelly in the course of the summary judgment proceedings, rather than through a motion for further preliminary relief. We do reserve the right to seek appropriate remedies to compel the union, or whichever individual officers are making these decisions, to refund the overcharges.

Paul Alan Levy
Public Citizen Litigation Group
1600 - 20th Street, NW
Washington, D.C. 20009
(202) 588-1000
http://www.citizen.org/Page.aspx?pid=396


----- Forwarded Message -----
From: APWU Election Committee <apwuElectionCommittee@apwu.org>
Sent: Tuesday, September 3, 2013 1:27 PM
Subject: Distribution of Campaign Literature via E-mail

Please be advised that a court ruling has ordered the American Postal Workers Union, AFL-CIO to make available e-mail addresses of all members that are on file with the APWU for the 2013 Election of National Officers. Information regarding sending campaign literature by e-mail is listed below and in the attached Addendum to the Rules and Regulations Governing 2013 APWU National Elections.
Members will have the choice to opt-out and not receive any further communication from any candidate(s) regarding the election. If a member chooses to unsubscribe, no further e-mails will be sent to that e-mail address, regardless of the sender.
All e-mail campaign literature will be handled by Kelly Press. If you wish to send campaign literature via email, you must contact Stacie Rudy at (301) 386-8286, Monday through Friday, 9:00 am to 5:00 pm EST. Kelly Press is requiring a 24 hour advance notice for set-up, preparing,

and formatting e-mail campaign literature.

Kelly Press charges a one-time set-up fee of $440.00 for preparing and formatting e-mail campaign literature and $0.02 per e-mail address per transmittance. An additional set-up fee will be charged for any changes to the original e-mail submission and/or to a different set of e-mail recipients. Please contact Kelly Press for additional pricing information.

The requirements for sending e-mail campaign literature are as follows:

1. All e-mails must contain a physical address for the sender.
2. The sender must provide a sending e-mail address and "from" name.
3. The subject line for all e-mail campaign literature will be "2013 APWU National Officer Elections."
4. The body of the e-mail may contain images and text formatting. Additional charges may apply.
5. Kelly Press will review e-mails for spam compliance, but will not guarantee delivery. Please note that many factors can interrupt e-mail delivery, including spam filters and Kelly Press will not be held responsible for factors such as these that are outside of their control.
6. At no time will the e-mail addresses be released to any candidate.

Any questions should be addressed to the APWU Election Committee at www.apwuelectioncommittee@apwu.org

From: [Paul R Kumar] XXXXX
Sent: Wednesday, September 04, 2013 4:58 PM
To: MARK DIMONDSTEIN; tony McKinnon; Paul Alan Levy; XXXXX
Subject: Report on Kelly Press Call

Sorry for the delay in getting this to you as for whatever reason my BlackBerry would not send it the first time. Stacie Rudy from Kelly Press was very cooperative on the call XXXX and I just completed with her. Here are the basics:

1. We can format the e-mails we choose to send however we like, meaning practically either in HTML or formatted for dropping into their system, so there should be no problem doing whatever we decide we want to do.

2. The costs to send the e-mails are as follows:

a) There is a $440 dollar set-up fee. If we can tell her the selection criteria for our whole series of e-mails upfront (e.g. XXXXXXX, followed by XXXXX, followed by XXXXXX), we will have to pay the fee only once. If we tell her the selection criteria at separate times for separate rounds of e-mails, we will have to pay an additional $440 fee for each separate round we request. Obviously, therefore, it is to our advantage to layout a complete plan, or as complete a plan as possible, upfront. What I wrote above in parentheses is a baseline for such a plan. Consistent with your other campaign choices, you may want to add additional e-mail to XXXXXX or XXXXX after XXXXXX. It would be great if you could decide that now.

b) On top of the set up charge, if any for a given e-mail, they will charge us $0.02 for each name to which we mail. The total e-mail universe is 26,882, so our upfront cost for the first e-mail will be $440 + $537.64 = $977.64.

c) They will need a certified check or USPS money order in the amount required for any given e-mail before they will move it. Stacie inquired of their controller at my request whether they could accommodate a wire transfer and was told that it was Kelly Press that had decided as a matter of doing business not to take wire transfers and expose its bank account information, not the APWU that had asked them to adopt that restriction (not to say, of course, that this in anyway relieves APWU of its legal requirement to make e-mailing "reasonable" for us, even if it means using another vendor).

3. We need to choose a physical address to include in the body of each e-mail and to decide what e-mail address to receive notes generated by people hitting "Reply." Once you give us that information, XXXXX will integrate it into what we send them.

4. They guaranteed to meet the 24 hour turnaround standard required by the new election rules and told us they could probably move things quicker, e.g. we get them something in the morning and they'll get it out later in the day if we choose.

# EXHIBIT 6

So, the immediate upshot is that once you communicate to us approved author, e-mail source address, and physical address to use, we make any necessary e-mail changes, and you figure out how to pay them, we're good to go for the first round. Paul L., the one election rule beside the physical payment requirement that seems to me most significantly frustrates the intent of the judges ruling is the requirement that all e-mail go out under the exact subject line "2013 APWU National Officer Elections." Not only is that a terrible subject line, but if we send repeat e-mails with it, the chances of people opening them are extremely reduced. If there is anything we could get them to change at this point, that would be at the top of my list.

XXXX and I will be waiting to hear back from you on the list of things we need to go final.


Paul R. Kumar
XXXXXX
XXXXXXX

Sent from my BlackBerry 10 smartphone.