UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARK DIMONDSTEIN, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   No. 13-1228 |
| | ) |
| AMERICAN POSTAL WORKERS UNION, | ) |
| | ) |
| Defendant. | ) |

**[PROPOSED] ORDER**

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, and based on the Verified Complaint, the affidavits and accompanying exhibits, and the accompanying memoranda of law, on the responsive papers from defendant, and of the arguments made by the parties, the Court orders as follows:

1. Defendant shall allow plaintiffs to distribute their campaign literature by email to email addresses contained in defendant's email database, as previously ordered by this Court, without any limitation beyond the inclusion of an "unsubscribe" function as described in the Court's memorandum opinion.

2. Plaintiffs may continue to send email using until the balloting deadline in the impending election, subject to the limitation that they may not use defendant's database to send more than five emails to any one email address.

3. No later than the close of business on Monday, September 9, American Postal Workers Union shall provide the database containing member email addresses, as well as indicating the sub-parts of the union to which those members belong, to an e-mailing service identified by plaintiffs, which emailing service must be willing to promise to keep the list confidential, and subject to

plaintiffs' payment of the expenses of the emailing. In the event defendants object to the particular emailing service identified by plaintiffs, it may apply to this Court for relief from this paragraph, but its obligation to provide the database will continue to apply unless the Court otherwise orders. The parties shall meet and confer in good faith, through their counsel, to try to resolve any disagreements about the identity of the e-mailing service.

IT IS SO ORDERED.

Dated: September _____, 2013

_____
COLLEEN KOLLAR-KOTELLY
United States District Judge